NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| AARON WEST,<br><br>                      Plaintiff,<br><br>                      v.<br><br>JUDGE LOREN A. SMITH,<br><br>                      Defendant. | Civil Action No. 23-1053 (MAS) (TJB)<br><br>**MEMORANDUM OPINION** |

**SHIPP, District Judge**

This matter comes before the Court on pro se Plaintiff Aaron West's ("Plaintiff") *in forma pauperis* ("IFP") application to proceed without prepayment of fees under 28 U.S.C. § 1915 ("IFP Application"). (ECF No. 8.)[1] After review of the IFP Application, the Court grants Plaintiff IFP status. The Court now screens Plaintiff's Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). For the reasons set forth below, Plaintiff's Complaint is dismissed in its entirety.

I.     **BACKGROUND**

Given the scant allegations included in the Complaint, it is difficult for the Court to ascertain any specific causes of action against Defendant Judge Loren A. Smith ("Defendant"), an active judge of the U.S. Court of Federal Claims. (*See generally* ECF Nos. 1, 1-1, 1-2.) Plaintiff appears to assert a violation of the Americans with Disabilities Act ("ADA"), alleging that he

---

[1] Plaintiff filed two applications to proceed IFP. (ECF Nos. 4, 8.) The first application is incomplete and is denied. (*See* ECF No. 4.) The second application, however, is complete, and the Court accepts this application, granting IFP status to Plaintiff. All references to "IFP Application" in this Memorandum Opinion refer to the complete application.

requested ADA accommodations "over and over again[,]" but Defendant was "not obey[ing] the ADA policy." (ECF No. 1-1.) There are no further allegations in the Complaint or its supplements.

The Court is ultimately unclear if Plaintiff truly seeks to file a claim against Defendant. Plaintiff completed form AO 310, Complaint of Judicial Misconduct or Disability. (ECF No. 1.) The relief Plaintiff requests is a new judge and for someone to call him or make an appointment over Zoom. (*See* ECF Nos. 1, 1-1.) The Court will construe the filing as a formal civil complaint but notes that if Plaintiff intends to file a misconduct complaint against a judge of the Court of Federal Claims, he must file the complaint with the clerk's office of that court.[2]

## II.    LEGAL STANDARD

An IFP application "is designed to ensure that indigent litigants have meaningful access to the federal courts." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). The Court, accordingly, must carefully review an application and "if convinced that [the applicant] is unable to pay the court costs and filing fees, the [C]ourt will grant leave to proceed [IFP]." *Douris v. Middletown Township*, 293 F. App'x 130, 132 (3d Cir. 2008) (citation omitted). Under 28 U.S.C. § 1915(e)(2)(B), a court must dismiss a case at any time if the court determines that "the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

"The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)[] is the same as that for dismissing a complaint pursuant to [Rule] 12(b)(6)." *Conner v. Reed*, No. 21-14193, 2020 WL 138100, at *1 (D.N.J. Jan. 4, 2022) (quoting

---

[2] *See* https://www.uscourts.gov/judges-judgeships/judicial-conduct-disability/faqs-filing-judicial-conduct-or-disability-complaint#faq-Where-do-I-file-my-complaint?

*Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012)). In deciding a motion to dismiss pursuant to Rule 12(b)(6), a district court is required to accept as true all factual allegations in the complaint and draw all reasonable inferences from those allegations in the light most favorable to the plaintiff but need not accept as true legal conclusions couched as factual allegations. *See Phillips v. County of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008); *Papasan v. Allain*, 478 U.S. 265, 286 (1986). A complaint need not contain "detailed factual allegations" to survive a motion to dismiss but must contain "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint "that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,'" and a complaint will not "suffice" if it provides only "'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Bell Atl. v. Twombly*, 550 U.S. 544, 555, 557 (2007)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). A complaint that provides facts "merely consistent with" the defendant's liability "stops short of the line between possibility and plausibility" and will not survive review under Rule 12(b)(6). *Id.* (quoting *Twombly*, 555 U.S. at 557).

### III. **DISCUSSION**

In support of his IFP Application, Plaintiff submitted a statement of all his assets, income, and expenses. (*See generally* IFP Appl., ECF No. 8.) The IFP Application is complete and indicates that Plaintiff's total monthly income and expenses are $1,600 and $1,937, respectively. (*Id.* at 2-5.) Plaintiff has no other sources of income or assets. (*Id.* at 1-3.) The Court, accordingly, finds that Plaintiff has established indigence and grants the IFP Application.

Having granted Plaintiff IFP status, pursuant to the statute, the Court screens the Complaint to determine whether any claim should be dismissed (1) as frivolous or malicious, (2) for failure to state a claim upon which relief may by granted, or (3) because it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). As Plaintiff is proceeding pro se, the Court must construe the pleadings liberally and in Plaintiff's favor. *See e.g.*, *Higgs v. Att'y Gen. of the U.S.*, 655 F.3d 333, 339 (3d Cir. 2011); *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Capogrosso v. The Sup. Ct. of N.J.*, 588 F.3d 180, 184 n.1 (3d Cir. 2009) ("[W]e remain mindful of our obligation to construe a *pro se* litigant's pleadings liberally."). That said, while pro se pleadings are to be broadly construed, pro se litigants must still "allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).

Plaintiff's Complaint does not contain sufficient facts for the Court to construe any meaningful cause of action. (*See generally* ECF Nos. 1, 1-1, 1-2.) Moreover, Plaintiff appears to seek monetary relief from a defendant who is immune from such relief. The Court, therefore, dismisses the Complaint in its entirety.

## IV.   CONCLUSION

For the foregoing reasons, the Court grants Plaintiff's IFP Application. The Court *sua sponte* dismisses the Complaint. The Court will issue an order consistent with this Memorandum Opinion.

_____<br>
**MICHAEL A. SHIPP**<br>
**UNITED STATES DISTRICT JUDGE**